UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OKLAHOMA

SUZANNE RUSSELL

       Plaintiff

Vs            No. 06-CV-538-GKF-PJC

CHASE INVESTMENT SERVICES, CORP.

**PLAINTIFF'S MOTION TO CERTIFY STATE LAW QUESTION**

Comes Suzanne Russell, not individually, but as guardian of Donald R. Russell, and moves the Court to formulate and certify a question of law to the Oklahoma Supreme Court pursuant to 20 O.S. §1601 *et seq.*(2001), and in support of this motion would show the Court what are essentially undisputed facts.

1. Plaintiff is the duly appointed general guardian of her husband, Donald R. Russell, said guardianship being controlled by jurisdiction of the District Court of Wagoner County.

2. On or about April 7, 1999 the ward executed a Uniform Durable Power of Attorney to his daughter, Brenda G. Kennemer. The Power directed that if it were necessary to appoint a guardian of his person or property, he nominated Kennemer to serve as guardian.

3. February 26, 2001 the ward was adjudicated an incapacitated person and Plaintiff and Brenda G. Kennemer were appointed joint general guardians. Immediately thereafter, Defendant was furnished copies of the guardianship appointment and at all times had actual notice Kennemer was a court-appointed guardian.



1

4. Part of the inventory of the ward's estate comprised an IRA with a then current balance of $221,574.73. There were no orders of the court allowing the guardians to invade the corpus of the IRA, held by Defendant as a fiduciary. Rather than abide by the effect of the guardianship as a transfer of all of the assets, Defendant allowed Kennemer to withdraw moneys from the IRA based solely upon the Durable Power of Attorney.

5. Plaintiff discovered Kennemer was embezzling money from the IRA, and when confronted with this knowledge by letter demanding an accounting of her expenditures without court approval, Kennemer killed herself.

6. Defendant further allowed Kennemer to cash in bonds of the Ward without court approval.

7. At all times during the monetary defalcations, Defendant insisted it could disburse moneys to Kennemer based upon the Durable Power of Attorney, and even refused to honor orders of the Wagoner court directing certain withdrawals to benefit the ward, prompting a contempt of court citation to be issued to the Defendant.

8. There is no direct authority in Oklahoma, either by statute or case law, touching upon the issue of the authority of a fiduciary with actual knowledge of a court-appointed guardianship to ignore the power of the guardian versus the power of the same person under a Durable Power of Attorney.

9. The resolution of this question cannot be found in any other jurisdiction based upon the same set of facts, and the resolution of this question may be determinative of the principal issue in this case.

10. Rather than speculate as to what is the law of Oklahoma on this principal issue, Plaintiff requests the Court to grant a hearing to formulate and certify the determinative question to the Oklahoma Supreme Court.

s/Lawrence A. G. Johnson
Bar Number 4705
Attorney for: Plaintiff
2535 East 21st Street
Tulsa, OK 74114
Telephone: (918) 743-0459
FAX: (918) 744-6686
E-mail Address for Service: Tendalla@aol.com