# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SUZANNE RUSSELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 09-cv-360-GKF-TLW |
| CHASE INVESTMENT SERVICES CORP., | ) ) ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

Before the undersigned United States Magistrate Judge for decision is plaintiff's Application for Attorney Fees and Expenses.[1] [Dkt. # 6]. Defendant filed a Motion to Strike the Application [Dkt. # 11], and plaintiff filed a response to defendant's motion [Dkt. # 15].[2]

## FACTUAL BACKGROUND

Plaintiff is the surviving spouse under her husband's Individual Retirement Account, which is held by defendant in a fiduciary capacity. [Dkt. # 1 at 1]. Plaintiff brings this action to recover damages for defendant's alleged breach of fiduciary duty and requests that the Court take judicial notice of a related, preceding action in which plaintiff sued defendant as guardian on behalf of her then incapacitated spouse. When plaintiff's spouse died, plaintiff was denied permission to intervene in the prior action, so she filed this action.[3] Plaintiff requests that the Court take judicial notice of the prior action, because, she argues, it gives rise to a unique situation which bears on the resolution of her Application.

---

[1] Title 18, Section 636(b)(1) of the United States Code authorizes magistrate judges to decide pretrial matters, except for those matters expressly excluded by Section 636. Plaintiff's pretrial motion seeks attorney fees and expenses and is, thus, in the nature of a motion for sanctions, which the Tenth Circuit has expressly ruled may be decided by magistrate judges. Hutchinson v. Pfeil, 105 F.3d 561, 565 (10th Cir. 1997).

[2] Why defendant opted to file a Motion to Strike, rather than a response, is unclear. Defendant's Motion to Strike is DENIED and will be treated herein as a response. Likewise, plaintiff's response will be treated as a reply.

[3] Defendant's counsel also represented defendant in the prior action.

According to plaintiff's counsel, during a hearing in the prior action, he asked defendant's counsel if defendant would waive service in this action. Defendant's counsel informed plaintiff's counsel "that he had no authority to accept service, and that his client required service be made, and that he would check to see if he could." [Dkt. # 15 at 1]. Subsequently, on June 9, 2009, plaintiff's counsel contacted defendant's counsel by email stating: "Please advise if your client will waive service and that you will accept service." [Dkt. # 11-2 at 1]. A few hours later, plaintiff's counsel again emailed defendant's counsel: "Perhaps I should have termed it wavier [sic] of service since the rules call for attorney fees upon refusal to waive service." Id. Defendant's counsel responded less than twenty minutes later, saying "[w]ell they may do that... but you will need to send to the registered service agent. They have a procedure they go through and it must start with that..." Id. Later the same afternoon, plaintiff's counsel emailed: "ADVISE IF YOUR CLIENT WILL NOT WAIVE SUMMONS." [Dkt. # 11-2 at 2]. Sixteen minutes later, defendant's counsel responded: "Please send to corp. service agent…. thanks" Id. After receiving the email, plaintiff's counsel conducted an internet search for defendant's service agent, CT Corporation Services, and then mailed a Summons and Complaint by certified mail to CT. [Dkt. # 6 at 1]. Because CT had not updated its address with the New York Secretary of State, the address was invalid, and the Summons and Complaint were returned a week later. Id. Plaintiff's counsel then contacted CT by telephone, ascertained its new address, and resent the Summons and Complaint, resulting in service on defendant. [Dkt. # 6 at 1].

## ANALYSIS

Both parties agree that the resolution of plaintiff's Application turns on an interpretation of Federal Rule of Civil Procedure 4(d). Rule 4(d), as applied to a corporation, provides as follows:

> An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons. The notice and request must (A) be in writing and be addressed to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process; (B) name the court where the complaint was filed; (C) be accompanied by a copy of the complaint, two copies of a waiver form, and a prepaid means for returning the form; (D) inform the defendant, using text prescribed in Form 5, of the consequences of waiving and not waiving service; (E) state the date when the request is sent; (F) give the defendant a reasonable time of at least 30 days after the request was sent – or at least 60 days if sent to the defendant outside any judicial district of the United States – to return the waiver; and (G) be sent by first-class mail or other reliable means.
>
> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Id. (headings omitted and formatting modified).

The purpose of Rule 4(d) is to "impose a duty on defendants to waive service of process absent good cause." Estrella v. P.R. Painting Corp., 2006 WL 3359485, at *1 (E.D.N.Y. 2006). However, the procedural requirements of Rule 4(d)(2) are a "condition precedent to a demand for costs for refusal to waive service." Spivey v. Bd. of Church Extension and Home Mission of the Church of God, 160 F.R.D. 660 (M.D.Fla. 1995) (denying motion for costs, because waiver forms were not addressed to an officer or managing general agent of one defendant, and because forms did not include another defendant's first initial or his correct first name – forms were sent

to Edwin Ross, rather than R. Edward Ross). Further, "the rules are not designed to require a factual inquiry prior to making a determination of whether to grant a motion for costs for failure to waive service. If the plaintiff properly complies with the requirements of Rule 4(d)(2), then costs are awarded." Id.

Finally, the plaintiff bears the burden to show proper service of process under Rule 4. Flores v. Sch. Bd. of DeSoto Parish, 116 Fed. Appx. 504, 508 (5th Cir. 2004) (unpublished); Hanmont v. Oswald, 2009 WL 2588342, at *2 (D. Kan. 2009). A plaintiff's "faulty service in combination with no proof [the plaintiff] actually submitted the proper forms" has been found to justify a denial of attorney fees and costs. Flores, 116 Fed. Appx. at 508. By requiring a writing addressed to an officer or agent of a corporate defendant, as well as requiring delivery by first-class mail or other reliable means, Rule 4(d) ensures the notice and request will reach an appropriate corporate officer and apprise the corporate defendant of a pending action against it. Wagner Int'l v. Mandal Alt Co., Ltd., 2005 WL 1606900, at *3 (D.Colo. 2005).

Plaintiff does not argue that she fully complied with Rule 4(d). Instead, she cites three cases in support of her argument that substantial compliance is sufficient and that she substantially complied. See Stapo Indus., Inc.v. M/V Henry Hudson Bridge, 190 F.R.D. 124, 124 (S.D.N.Y. 1999); Dymits v. American Brands, Inc., 1996 WL 751111, at *15-6 (N.D.Cal. 1996); Trevino v. D.H. Kim Enters., Inc., 168 F.R.D. 181, 182-3 (D. Md. 1996). Plaintiff is correct that in each of the cases she cites, the court awarded fees and expenses even though the plaintiff had not fully complied with the rule. In Stapo Indus., the plaintiff failed to specify an officer or registered agent on the address label of the request for waiver. In Trevino, the plaintiff followed an outdated civil procedure rule, which resulted in the plaintiff not using the current

form required by Rule 4. In <u>Dymits</u>, the plaintiff included only one copy of a notice and request for waiver (rather than two), and the plaintiff used language that varied from the required form, but with no substantive changes. Thus, in each of these cases, the plaintiff unsuccessfully attempted to obtain a waiver of service using the specific process set out in the rule.

Here, the situation is different. Not only did plaintiff's counsel not fully comply with Rule 4(d), plaintiff's counsel did not even attempt to do so, opting instead to rely on an informal email request without any specific mention of Rule 4. The case law is clear that the word "must," as used in Rule 4(d), does have some meaning, and plaintiff's counsel failed to do all of the things which Rule 4(d) says "must" be done. He failed to: (1) provide a notice and request in writing, addressed to the defendant's service agent; (2) name the court where the complaint was filed; (3) provide two copies of a waiver form, and a prepaid means for returning the form; (4) inform the defendant, using text prescribed in Form 5, of the consequences of waiving and not waiving service; (5) give the defendant a reasonable time of at least 30 days after the request was sent to return the waiver; and (6) send the notice and request by first-class mail or other reliable means. Fed. R. Civ. P. 4(d)(1).

Plaintiff's counsel's conversation with defendant's counsel and the single string of email exchanges do not meet these requirements, neither do they establish that defendant actually received the waiver request, something that occurred in each of the cases cited by plaintiff. Even were the Court to take judicial notice of the prior action and assume that defendant's counsel was already retained for purposes of this action at the time of the conversation and the email exchanges, the Court would have to assume that defendant's counsel relayed the content of the conversation, forwarded the emails, and sent a copy of Rule 4(d) to his client. Although these

assumptions are more than reasonable, costs and expenses under Rule 4(d) cannot be awarded on the basis of assumptions. Moreover, even were these assumptions to be taken as true, plaintiff's "substantial compliance" argument would fail.

Although defendant's counsel initially informed plaintiff's counsel that "service" would be required, defendant's counsel later informed plaintiff's counsel that defendant "may do that" in reference to waiving service but that plaintiff's counsel "will need to send to the registered service agent[, because] [t]hey have a procedure they go through and it must start with that…" [Dkt. # 11-2]. Sending the waiver request to the registered service agent is specifically contemplated by Rule 4(d). The Court cannot conclude that defendant's decision to require plaintiff to do something that is specifically contemplated by Rule 4(d) should result in fees and expenses being taxed against defendant. Of course, had plaintiff attempted to comply with Rule 4(d) but had failed in some manner similar to the factual scenarios in the cases cited above (e.g., by failing to include enough copies), the result might differ.

Accordingly, plaintiff's Application for Attorney Fees and Expenses is DENIED, as is defendant's Motion to Strike.

ORDERED this the 7th day of October, 2009.

_____
T. Lane Wilson
United States Magistrate Judge