IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SUZANNE RUSSELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 09-CV-360-GKF-TLW |
| CHASE INVESTMENT SERVICES CORP., ) | |
| ) | |
| Defendant. ) | |

### OPINION AND ORDER

This matter comes before the court on defendant Chase Investment Services Corp.'s ("Chase") Motion to Dismiss [Doc. No.10]. For the reasons set forth below, defendant's motion is granted.

Plaintiff, invoking jurisdiction of this matter under the Employment Retirement Income Security Act ("ERISA"), 28 U.S.C. §1132(e), alleges defendant has breached a fiduciary duty owed her as a "surviving spouse of her husband's Individual Retirement Account" held by Chase pursuant to 28 U.S.C. §1055(c)(2). Chase contends in its Fed.R.Civ.P. 12(b)(6) motion the lawsuit should be dismissed because (1) the account is not an ERISA account and (2) even if it *is* an ERISA account, the applicable statute of limitations under ERISA has run.

### I. Background

In 2006, Russell, acting not individually but as guardian of Donald R. Russell, an incapactitated person, sued Chase in Tulsa County District Court, alleging Chase had breached fiduciary duties to Donald R. Russell by permitting Mr. Russell's daughter, Brenda Russell Kennemer, who had been appointed attorney-in-fact for Mr. Russell pursuant to a Durable Power of Attorney, to make withdrawals from his IRA. Chase removed the case to this court, Case No.

6-CV-538-GKF-PJC ("Russell I").

The central issue in the first case was whether or not Kennemer's powers granted under the Durable Power of Attorney were revoked or nullified upon later institution of a general guardianship of Donald R. Russell.[1] The court ultimately certified the question to the Oklahoma Supreme Court [Russell I, Doc. No. 91]. The Oklahoma Supreme Court answered the question in the negative in a ruling issued April 7, 2009 and filed in this court April 9, 2009. [*Id.,* Doc. No. 98]. In the meantime, on March 31, 2009, Donald R. Russell died. On April 21, 2009, plaintiff filed a Suggestion of Death [*Id.,* Doc. No. 99] and a Motion to Substitute or Intervene as a Party and to Amend Pleadings [*Id.,* Doc. No. 101]. In her motion, plaintiff asserted as a result

---

[1] In Russell I, plaintiff alleged that on April 7, 1999, Donald R. Russell executed a Durable Power of Attorney ("DPOA") designating his daughter, Brenda Kennemer, as his attorney in fact in the event he became incapacitated or disabled. [Russell I, Doc. No. 91]. The DPOA granted Kennemer broad powers over Russell's person and property, including "all powers, directions, elections and authorities granted by statute, common law, and under any rule of court." [*Id.*] On June 17, 1999, Russell contracted with Chase Investment Services Corp. to act as custodian of his Individual Retirement Account. [*Id.*] The same date, he arranged for Chase to make monthly distributions of $1,000 to him. [*Id.*] In April of 2000, he suffered a stroke and became incapacitated. [*Id.*] On February 26, 2001, the Wagoner County Oklahoma District Court issued an Order Appointing Guardian, appointing Kennemer and Russell's wife, Suzanne C. Russell, as Co-Guardians of Russell's person and property. [*Id.*] On March 15, 2001, the Co-Guardians, acting jointly, filed with the Wagoner County District Court the Guardians' Inventory of Property of Donald R. Russell. [*Id.*] Neither Kennemer nor Suzanne Russell filed a yearly accounting with the Wagoner Country District Court from 2001 through 2005. [*Id.*] Between 2002 and 2005, Kennemer directed certain distributions be made from Russell's IRA, over which Chase was the custodian. [*Id.*] Pursuant to Kennemer's requests, approximately $99,000 was distributed from the IRA from November 14, 2002 through June 2005. Plaintiff contended that at some point, she confronted Kennemer about the IRA distributions. [*Id.*] Kennemer subsequently committed suicide. [*Id.*] Plaintiff acknowledged the DPOA was never revoked, but contended that the Wagoner County District Court's appointment of co-guardians withdrew all of the assets from Donald Russell's estate and thus rendered the DPOA null and void as a matter of law. [*Id.*] Chase contested plaintiff's legal argument that the appointment of co-guardians withdrew the assets from Russell's estate, and asserted it was justified in relying on the powers granted to Kennemer in the DPOA to conduct Ward's business and request distributions from the IRA. [*Id.*]

2

of Donald Russell's death, she should be substituted as party plaintiff instead of as guardian, or alternatively be allowed to intervene as a matter of right. Plaintiff alleged she was "entitled to enforce her ERISA vested right to the joint and survivor annuity which has been destroyed by the breach of fiduciary duty on the part of Defendant in allowing total distributions in violation of 29 USCS §1055 or §205 of ERISA." [*Id.*] Plaintiff stated: "By reason of the answer of the certified question, Plaintiff intends to abandon the claim for loss of the bonds and limit her action to her claim for loss of her joint and survivor annuity through breach of fiduciary duty." [*Id.*] Defendant opposed the motion.

On June 8, 2009, the court denied plaintiff's motion as untimely, and, in light of the Oklahoma Supreme Court's decision, dismissed with prejudice plaintiff's claims made in her representative capacity as Guardian and her potential claims in her representative capacity as Executor of the Estate of Donald R. Russell. [*Id.,* Doc. No. 106]

Plaintiff filed the current lawsuit in her individual capacity on June 9, 2009. [Chase II, Doc. No. 1].

## II. Analysis

The court will "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (citing *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005). In making this determination, the Court considers "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1969, 1974 (2007)). "[A] plaintiff must 'nudge [ ] [his] claims across the line from conceivable to plausible' in order to survive a motion to

dismiss." *Id.* (quoting *Twombly*, 550 U.S. 544, 127 S.Ct. at 1974). This means "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Id.*

### A. Applicability of ERISA

Defendant contends plaintiff has failed to state a claim upon which relief can be granted because ERISA does not apply to Individual Retirement Accounts. In this regard, 29 U.S.C. §1003(a) provides:

(a) Except as provided in subsection (b) or (c) of this section and in sections 1051, 1081 and 1101 of this title, this subchapter shall apply to any employee benefit plan if it is established or maintained:

(1) by any employer engaged in commerce or in any industry or activity affecting commerce; or

(2) by any employee organization or organizations representing employees engaged in commerce or in any industry or activity affecting commerce; or

(3) by both.

Section 1051, in turn excepts from ERISA coverage "an individual retirement account or annuity described in section 408 of Title 26..." 29 U.S.C. §1051(6). Further, regulations implementing ERISA provide:

(d) Individual Retirement Accounts.

(1) For purposes of title I of the Act and this chapter, the terms "employee pension benefit plan" and "pension plan" shall not include an individual retirement account described in section 408(b) of the Internal Revenue Code of 1954 (hereinafter "the Code")...

29 C.F.R. §2510.3-2(d)(1). Bankruptcy courts in this district have consistently held that ERISA does not apply to IRAs. *See In re Ridgway,* 108 B.R. 294, 296 (Bankr. N.D. Okla. 1989); *In re*

*Ree,* 114 B.R. 286, 290 (Bankr. N.D. Okla. 1990).

Plaintiff, citing *Blankenship v. Liberty Life Insurance Company of Boston,* 2004 WL 1878211 (N.D. Cal. May 18, 2007) and *Boggs v. Boggs,* 520 U.S. 833 (1977), argues that since funds in her husband's IRA had been rolled over from an ERISA benefit plan, the IRA is subject to ERISA. Plaintiff's reliance on these cases, however, is misplaced.

In *Blankenship,* the issue before the court was whether the rollover of amounts in Blankenship's KPMG pension plan account to an IRA constituted "other income benefits" which had to be deducted from payments he was entitled to receive under his disability plan. 2004 WL 1878211 at *623. The court held that the lump sum transfer of such amounts to an IRA did *not* meet the plan definition of "other income benefits," in part because the funds were under the control of the IRA trustee rather than Blankenship. *Id.* at *625-*627. Whether the IRA was covered by ERISA was not at issue in *Blankenship.*

Likewise, *Boggs* is distinguishable. There, the Supreme Court held that ERISA pre-empted Louisiana's community property laws. 520 U.S. at 854. Dorothy Boggs died in 1979, one year after she made a purported testamentary gift to her sons of her community property interest in her husband's undistributed pension plans. Her husband remarried. Upon his retirement in 1985, he received various benefits from his employer's retirement plans, including a lump-sum savings plan distribution, which he rolled over into an IRA; shares of stock from the company's employee stock ownership plan; and a monthly annuity payment. After the husband's death in 1989, his sons contested the right of the second wife, Sandy Boggs, to the corpus and interest on the IRA, arguing the earlier testamentary gift from Dorothy Boggs vested ownership of a portion of the IRA in the sons. The Supreme Court held that the purported

testamentary transfer violated 29 U.S.C. §1056(d)(1)–the so-called "anti-alienation" provision of ERISA. In considering the issue, the court weighed the importance of the state community property law, which–it acknowledged–"is a commitment to the equality of husband and wife and reflects the real partnership inherent in the marital relationship," against the importance of §1055 of ERISA, which mandates a qualified joint and survivor annuity in order "to ensure a stream of income to surviving spouses." 520 U.S. at 839-843. The court concluded:

> ERISA's solicitude for the economic security of surviving spouses would be undermined by allowing a predeceasing spouse's heirs and legatees to have a community property interest in the survivor's annuity. Even a plan participant cannot defeat a nonparticipant surviving spouse's statutory entitlement to an annuity. It would be odd, to say the least, if Congress permitted a predeceasing nonparticipant spouse to do so. Nothing in the language of ERISA supports concluding that Congress made such an inexplicable decision. Testamentary transfers could reduce a surviving spouse's guaranteed annuity below the minimum set by ERISA (defined as 50% of the annuity payable during the joint lives of the participant and spouse).
>
> \*   \*   \*
>
> In the face of this direct clash between state law and the provisions and objectives of ERISA, the state law cannot stand.

*Id.* at 843-44.

This lawsuit is distinguishable from *Boggs*. First, conflict pre-emption is not an issue in this case. Second, the dispute in *Boggs* was between parties who claimed to be beneficiaries to ERISA-covered retirement plans. Here, the dispute is between a beneficiary and the trustee of an IRA. Third, and most importantly, in this case, plaintiff's Complaint [Doc. No. 1] alleges failings of a fiduciary bank holding an IRA account.[2] *Boggs,* in contrast, involved an attempt by

---

[2]In her Response to defendant's Motion to Dismiss, plaintiff alleges the funds in the IRA at issue originally came from a rollover of a defined benefit plan in which Donald R. Russell was a participant. [Doc. No. 16, p. 1]. However, the conduct complained of–breach of fiduciary duty

6

a nonparticipating spouse to make a testamentary conveyance *while the husband was still a participant in the ERISA-covered pension plan.* This distinction, the court believes, is critical. In *Boggs,* ERISA's statutory protection of surviving spouses was implicated. Here, *no* ERISA provision is implicated.

The court concludes the IRA at issue is not subject to ERISA.

### B.  Statute of Limitations

Chase argues that even if ERISA *is* applicable to this lawsuit, plaintiff's claim is barred by the act's statute of limitations. In this regard, the act provides:

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of—
>
> (1) six years after (A) the date of the last action which constituted a part of the breach of violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or
>
> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation; except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. §1113. The court takes judicial notice of allegations plaintiff made in *Russell I* that Brenda Kennemer committed suicide in July of 2005, after being accused by plaintiff of misappropriating funds from Mr. Russell's IRA.³ *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson,* 248 F.3d

---

by the bank–occurred long after the funds had been rolled over to an IRA.

³*See, i.e., Russell v. Chase,* 06-CV-538-GKF-TLS*,*  Doc. No. 17, Plaintiff's Motion to Certify State Law Question, ¶5; Doc. No. 22, Plaintiff's Response to Motion for Summary Judgment, ¶¶4-5.

946, 955 *(*10th Cir. 2001).*⁴* Therefore, it is clear that plaintiff had actual knowledge Kennemer had withdrawn funds from the IRA by July 2005. The statute of limitations for this putative ERISA claim therefore ran in July 2008. This lawsuit was filed on June 9, 2009. [Doc. No. 1, Complaint].

Thus, the court finds that even if plaintiff had a valid claim under ERISA, that claim is barred by the applicable statute of limitations.

### III. Conclusion

For the reasons set forth above, defendant's Motion to Dismiss [Doc. No. 10] is hereby granted.

ENTERED this 28th day of January, 2010.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

---

⁴Ordinarily, consideration of material outside the complaint requires the court to convert the motion into one for summary judgment and afford the parties notice and an opportunity to present relevant evidence. However, facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment. *Tal v. Hogan,* 453 F.3d 1244, 1265 n. 24 (10th Cir. 2006), citing *Grynberg v. Koch Gateway Pipeline Company,* 390 F.3d 1276, 1278 n. 1 (10th Cir. 2004).